UNITED STATES of America

v.

**Frank ARBOUR**

No. CR–02–73–B–W–02.

United States District Court, D. Maine.

Sept. 13, 2004.

Daniel J. Perry, Office of the U.S. Attorney, District of Maine, Bangor, for USA, Plaintiff.

Leonard I. Sharon, Sharon, Leary & Detroy, Auburn, ME, for Defendants.

## ORDER

WOODCOCK, District Judge.

Having pleaded guilty on October 20, 2003, the Defendant, Frank Arbour, contends the delay in his sentencing constitutes a violation of both his Sixth Amendment right to a speedy trial and Fed. R.Crim.P. 32(b). This Court concludes there is no Sixth Amendment violation, but in view of the Defendant's objection, orders the sentencing hearing scheduled to comply with Rule 32(b).

## I. STATEMENT OF FACTS

The Defendant was indicted on December 11, 2002 for conspiracy to distribute cocaine and possession of a firearm by a felon. On January 2, 2003, Mr. Arbour was arraigned, entered a plea of not guilty, and was detained. On October 20, 2003, Mr. Arbour entered a plea of guilty to five counts[1]. Mr. Arbour has yet to be sentenced.

The docket entries from October 20, 2003 to date reveal the following: On December 17, 2003, Mr. Arbour filed a motion to extend time within which to file objections to the Presentence Investigation Report to January 2, 2004; the motion was granted on December 18, 2003. A Presentence Conference was held on February 9, 2004 and Attorney Sharon was asked to notify the Court when the matter was ready for sentencing. The Court scheduled sentencing for June 28, 2004. On May 12, 2004, the Defendant filed a motion to continue sentencing, which was granted without objection from the Government. The sentencing hearing was reset for July 22, 2004. On July 21, 2004, Mr. Arbour again moved to continue the sentencing hearing and the Defendant's motion was again continued without objection from the Government. The sentencing hearing was reset for August 10, 2004.

On August 3, 2004, the Government moved to continue the sentencing hearing and on the same day, the motion was set for a telephone conference with the Court. During the telephone conference, counsel addressed the potential impact of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on Mr. Arbour's sentence. The Court ordered the Defendant to file a sentencing memorandum by August 24, 2004 and the Government to respond by September 7, 2004. The Court also granted the Government's motion to continue the sentencing hearing. During the telephone conference, the Defendant objected to any further delay in

---

[1]. Defendant pleaded guilty to count I, conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846; counts II–IV, possession of firearm by a felon, 18 U.S.C. § 922(g)(1) & 924(a)(2); and, count V, receipt of stolen firearm. 18 U.S.C. § 922(j) & 924(a)(2).

the imposition of sentence and on August 23, 2004 he filed a letter, setting forth the basis of his objection.

## II. DISCUSSION

### A. Speedy Trial Issue

 Mr. Arbour cites *United States v. Nelson–Rodriguez*, 319 F.3d 12 (1st Cir. 2003) as holding that the Sixth Amendment right to a speedy trial extends to the sentencing phase. U.S. Const. amend. VI. Mr. Arbour slightly overstates *Nelson–Rodriguez*. Neither the Supreme Court nor the First Circuit has held the Sixth Amendment right to a speedy trial reaches sentencing, but in *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court assumed it did. ("We will assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment.") In *Pollard*, the Court explained that "whether delay in completing a prosecution...amounts to an unconstitutional deprivation of rights depends upon the circumstances." *Id.* In any event, "the delay must not be purposeful or oppressive." *Id.*

Similarly, the First Circuit assumed for purposes of the *Nelson–Rodriguez* appeal that "the right to speedy trial extends to sentencing." *Id.* at 60; *see also Katz v. King*, 627 F.2d 568, 576 (1st Cir.1980)("We shall... assume, arguendo, that the sixth amendment encompasses a right to a speedy sentence."). Mr. Arbour correctly notes the First Circuit pointed out that Fed.R.Crim.P. 32(b) requires the court to sentence a defendant "without unnecessary delay." *Id.* at 60 n. 17. Following the lead of *Pollard* and *Nelson–Rodriguez*, this Court assumes the right to speedy trial extends to the sentencing phase of Mr. Arbour's case.

In *Nelson–Rodriguez*, the First Circuit referred to *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which set forth four factors to determine whether the right to a speedy trial has been violated: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and, 4) prejudice to the defendant. *Nelson–Rodriguez*, 319 F.3d at 60. This Court will, therefore, apply the four-factor *Barker* analysis to the instant case.

Turning to the first factor, Mr. Arbour pleaded guilty on October 20, 2003, and nearly eleven months have passed without sentencing. This Court agrees an eleven-month delay is sufficient to "trigger an inquiry into the other *Barker* factors." *Id.* at 60.

This leads to the second factor: the reason for the delay. A review of the docket entries, however, reveals the Defendant himself was the primary reason for the delay between December 19, 2003 and August 3, 2004.[2] Mr. Arbour's objections to the Presentence Report were initially due on December 19, 2003; however, he moved to extend the time to January 2, 2004. At the Presentence Conference on February 25, 2004, the parties, including the Defendant, raised the possibility an evidentiary hearing would be required to resolve certain objections to the contents of the Presentence Report; counsel were given until March 26, 2004 to so inform the Court. The docket reflects this period was extended to April 5, 2004 and the Defendant was directed to inform the Court as to the need for an evidentiary hearing. The Clerk's Office continued to follow up

---

**2.** Mr. Arbour himself acknowledges this conclusion. In his objection, he states: "Arbour starts his argument from the time he asserted his right: i.e. when the government moved to continue his August 10th sentencing until sometime after the U.S. Supreme Court clarifies its *Blakely* decision." *Def.'s Brief* at 1.

with counsel and on April 27, 2004, the Court set an evidentiary sentencing hearing for June 28, 2004. The Defendant then filed a motion to continue the June 28, 2004 hearing, a motion to continue the July 22, 2004 hearing, and a request on July 1, 2004 for a conference to discuss the implications of the *Blakely* decision. The first motion to continue filed by the Government was on August 3, 2004, requesting to continue the sentencing hearing set for August 10, 2004. The docket entries confirm, therefore, it was the Defendant himself, who was the primary cause for the delay in the scheduling of the sentencing hearing from December 19, 2003 to August 3, 2004.

Regarding the third *Barker* factor, the defendant's assertion of the right, the first assertion of the right to speedy sentencing did not take place until August 4, 2004, when the Defendant raised the issue at the conference.

Finally, the Defendant has not shown he has suffered substantial and demonstrable prejudice as a result of the eleven-month delay. As described below, Mr. Arbour's main claim of prejudice results from his serving a portion of his upcoming federal sentence in county jail. Although there may be significant prejudice from a delay between indictment and trial, "[m]ost of those interests diminish or disappear altogether once there has been a conviction." *Id.* at 61 (citing *Perez v. Sullivan*, 793 F.2d 249, 256 (10th Cir.1986)). Thus, the *Nelson–Rodriguez* Court noted there is a "great reluctance to find a speedy trial deprivation where there is no substantial and demonstrable prejudice." *Id.* There is insufficient evidence in this case to meet this high prejudice requirement.

In reviewing a similar circumstance in *Nelson–Rodriguez*, the First Circuit concluded, as this Court now does, that the Defendant had not made a "persuasive showing." *Id.* at 60.

## B. Rule 32(b) Issue

■ Having concluded the Sixth Amendment is not implicated, the Court still has the obligation under Rule 32(b) to sentence Mr. Arbour "without unnecessary delay." Fed.R.Crim.P. 32(b). Although to a large extent, "the decision to impose sentence at a particular time is in the discretion of the trial judge," 26 James Wm. Moore et al., Moore's Federal Practice—Crim. P. ¶ 632.10 (2004), the Court is required to investigate the reason for the delay and the prejudice to the defendant. The primary reason for the current delay in sentencing is the uncertainty created by *Blakely* as regards the proper application of the Sentencing Guidelines. If the Defendant is sentenced before *Blakely* is clarified, there is a risk he will have to be re-sentenced. On the other hand, if the Supreme Court issues a clarifying decision in late October or early November, the need for re-sentencing could be minimized.

Mr. Arbour, however, makes two points. First, he contends one of the reasons for the delay is the Government is faced with a "tactical quandary." *Def.'s August 19, 2004 Letter* at 2. He asserts the Government does not wish to use unnecessarily a U.S.S.C. § 5K1.1 departure to secure witnesses testimony about his leadership role. By delaying the sentencing hearing until *Blakely* is clarified, the Government might avoid extending § 5K1.1 offers to potential witnesses. Second, the Defendant points to prejudice arising from his inability to serve prison time in a federal prison, where employment, rehabilitation, counseling for drug problems, fitness areas, and educational programs would be much more readily available.

The Court agrees with the Defendant that the Government's § 5K1.1 strategic considerations cannot justify an extended delay in the imposition of his sentence.

The Court also agrees that the Defendant has a right to a sentencing hearing "without undue delay" and although some defendants may prefer to wait until October or November for further *Blakely* clarification, he does not. As such, the Court will schedule a sentencing hearing at the earliest convenience of the Court and the parties.

### III. CONCLUSION

Pursuant to Fed.R.Crim.P. 32(b), this Court orders the Defendant's sentencing hearing scheduled at the earliest convenience of the Court and the parties.

**SO ORDERED.**